BRAUN & FITTS v. COYNE.

(Circuit Court, N. D. Illinois, N. D. January 30, 1899.)

1. INTERNAL REVENUE—OLEOMARGARINE—STATUTORY DEFINITION.

A food product known as "Fruit of the Meadow," composed of leaf lard and beef fat, bathed in salt ice water to take away the fat and lard odor, but not having any ingredient to give it a butter flavor, or coloring matter to give it a butter appearance, although put up and sold in pound packages, is not taxable as oleomargarine, under Act Aug. 2, 1886 (chapter 840, 24 Stat. 209 [U. S. Comp. St. 1901, p. 2228]), which is intended to apply only to products made in conscious imitation of butter.

Action to Recover Internal Revenue Taxes Paid.

Harlan & Bates, for plaintiff.

John C. Black, U. S. Atty., for defendant.

GROSSCUP, Circuit Judge. This case is to recover taxes paid upon a product known as "Fruit of the Meadow," which the complainants allege is not taxable under Act Cong. Aug. 2, 1886, c. 840, 24 Stat. 209 [U. S. Comp. St. 1901, p. 2228], known as the "Oleomargarine Act."

The act itself defines oleomargarine as follows:

"All substances heretofore known as oleomargarine, oleo, oleomargarine-oil, butterine, larding, suine, and neutral; all mixtures and compounds of oleomargarine, oleo, oleomargarine-oil, butterine, larding, suine, and neutral; all lard extracts and tallow extracts; and all mixtures and compounds of tallow, beef-fat, suet, lard, lard-oil, vegetable-oil, annotto, and other coloring matter, intestinal fat, and offal fat made in imitation or semblance of butter, or when so made, calculated or intended to be sold as butter or for butter."

Oleomargarine is usually made of leaf lard, and beef fat churned in milk and cream, or milk, cream, and butter, to give it flavor, and colored with the vegetable dye annotto. This compound is

harmless, and the law is not intended to prevent its manufacture, but only to tax its manufacture when put up in such way as to be a substitute for butter, or to lead the consumer into the belief that it is butter. The tax practically is upon the product of such manufactures of leaf lard, beef fat, etc., as are made in the conscious imitation of butter. The purpose of Congress was to protect butter as it has commonly been known against outside competitors, under the guise or appearance of butter. The test is this: Is the product a conscious imitation of butter?

"Fruit of the Meadow" is leaf lard and beef fat bathed in salt ice water. The bath takes away the fat and lard odor. There is no mixture of cream, milk or butter to give it a butter flavor, and no coloring matter to give it a butter appearance. It, in no way, steals any of its qualities or appearance from the product of the cow. It is, it is true, a new product, but not related, either in flavor, color, or any of the other instrumentalities of imitation, to the genuine butter.

In my opinion, it is not taxable under the Oleomargarine law. The fact that it is put up in one pound packages does not make it a conscious imitation of butter. The manufacturers of butter have no monopoly upon the commercial expedient of one pound packages.

A judgment may be entered for the complainants for the sum of two dollars and costs, the amount of the taxes paid subsequent to the running of the Statute of Limitations.